7496

## CHINA v. COURTNEY.

1. ATTACHMENT.—On motion to transfer case from one county to another on grounds of residence of defendant, attachment should not be dissolved.

2. IBID.—NON-RESIDENCE—VENUE.—Where motion to dissolve attachment on ground that defendant was not a non-resident was refused without prejudice to defendant to raise that issue in his answer and he does so raise it, the question cannot again be considered on motion to transfer case to another county where defendant claims to reside.

Before GARY, J.   Sumter, April, 1909.   Reversed.

Action by Archie China against J. L. Courtney.   From order changing venue, plaintiff appeals.

*Mr. H. D. Moise,* for appellant, cites: *Order to dissolve attachment was without the notice:* 53 S. C., 106.

*Mr. L. D. Jennings,* contra.

March 16, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This is a suit for alleged medical and professional services amounting to one hundred and fifty-two dollars, and upon an affidavit that defendant was a non-resident, a horse, alleged to be the property of defendant, was attached.   Defendant gave bond and had the property released, and subsequently moved before Judge Wilson to dissolve the attachment, on the ground that defendant was a resident of the county of Aiken, in this State.   Judge Wilson, after considering the affidavits for and against, held that the question of residence should be determined by the Court in regular session, and not at chambers, upon such unsatisfactory evidence as affidavits.   He, therefore, refused to dissolve the attachment, but without prejudice to right of defendant to raise the question of

jurisdiction as one of the defenses in his answer, if he may be so advised, and let the matter be determined before the Court upon the trial of the cause.

This order was dated December 21, 1908. Defendant made answer, and in addition to a general denial, alleged as a defense that he was a resident of Aiken County, in this State, that the Common Pleas for Sumter County had no jurisdiction, and that the case should be transferred to the county of Aiken.

Defendant thereafter served notice of motion in open Court, on April 8, 1909, to transfer the case from Sumter to Aiken County, upon the ground that defendant was a resident of Aiken County. The motion was called up and pressed before Judge Gary within the last hour of the term in the absence of plaintiff's attorney. Judge Gary, after hearing the motion and, it appearing to him that defendant was a resident of Aiken County, ordered that the case be transferred to that county for trial, and further ordered that the attachment be dissolved.

The order, in so far as it dissolves the attachment, was erroneous, as there was no notice of such a motion. *Ford* v. *Calhoun,* 53 S. C., 106, 30 S. E., 830.

We think, furthermore, that Judge Wilson's order plainly contemplated that the question of jurisdiction, which was dependent on the question of residence or non-residence, should be determined upon the trial of the cause, if defendant should elect to raise that question by answer. The defendant did elect to raise the question by answer. Hence, we think it was improper to dispose of the matter by motion and affidavits in advance of the case for trial.

The judgment of the Circuit Court is reversed.